UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ASKAR SALEH AMER ALI,

Plaintiff

DECISION AND ORDER

-vs-

11-CV-6122 CJS

ERIC H. HOLDER, JR., Attorney General of the United States, et al.,

Defendants

---

APPEARANCES

For Plaintiff: Santosh K. Pawar, Esq.
65 Eaglewood Circle
Pittsford, New York 14534

For Defendants: Aaron S. Goldsmith, Esq.
U.S. Department of Justice
450 5th Street, NW
Washington, D.C. 20530

INTRODUCTION

This is an action under the Immigration and Naturalization Act ("INA") to review a decision of the U.S. Citizenship and Immigration Service ("CIS") denying Plaintiff's application for naturalization. Now before the Court is Defendants' motion for summary judgment (Docket No. [#8]). The application is denied.

BACKGROUND

Plaintiff is a citizen of the Republic of Yemen, who has been a Lawful Permanent Resident of the U.S. since 1993. On January 26, 2010, Plaintiff filed an application for

naturalization with CIS. Persons applying for naturalization are required to have lived in the U.S. for at least five years prior to the application, and during that time, they are required to have "been physically present therein for periods totaling at least half of that time." 8 U.S.C.A. § 1427(a) (West 2012). Significantly, absences from the U.S. of "more than six months but less than one year" "shall break the continuity of such residence, unless the applicant shall establish to the satisfaction of the Attorney General that he did not in fact abandon his residence in the United States during such period." 8 U.S.C.A. § 1427(b) (West 2012).

The Department of Homeland Security has established regulations for evaluating issues relating to the aforementioned residency requirement. More specifically, 8 C.F.R. § 316.5(a) states that "an alien's residence is the same as that alien's domicile, or principal actual dwelling place, without regard to the alien's intent." That regulation further provides standards for determining whether a disruption of continuity of residency has occurred, in pertinent part, as follows:

> Absences from the United States for continuous periods of between six (6) months and one (1) year during the periods for which continuous residence is required under § 316.2 (a)(3) and (a)(6) shall disrupt the continuity of such residence for purposes of this part unless the applicant can establish otherwise to the satisfaction of the Service. This finding remains valid even if the applicant did not apply for or otherwise request a nonresident classification for tax purposes, did not document an abandonment of lawful permanent resident status, and is still considered a lawful permanent resident under immigration laws.[1] The types of documentation which may establish that the applicant did not disrupt the continuity of his or her residence in the United States during an extended absence include, but are not limited to, evidence that during the absence:

---

[1] At oral argument on the subject motion, Plaintiff's attorney indicated that Plaintiff remains a Lawful Permanent Alien despite the denial of his application for naturalization.

> (A) The applicant did not terminate his or her employment in the United States;
>
> (B) The applicant's immediate family remained in the United States;
>
> (C) The applicant retained full access to his or her United States abode; or
>
> (D) The applicant did not obtain employment while abroad.

8 C.F.R. § 316.5(c)(1)(I) (West 2012).

On July 15, 2010, CIS interviewed Plaintiff regarding his application. At the interview, Plaintiff indicated that he worked at a store in Rochester, New York, and that he lived with the owner of the store, who he paid $125.00 per month for rent. Plaintiff stated that he owned a car in the U.S., but that his employer/landlord made the car payments and paid the insurance. On this point, Plaintiff stated that the car was titled and registered in his name because his employer/landlord could not obtain financing. Plaintiff further indicated that certain utility bills for the apartment were in his name, but that his landlord/employer paid them. Plaintiff also stated that his wife and children were in Yemen in a house that he owned, and that he traveled to Yemen to visit them. During the five years prior to his application, Plaintiff traveled to Yemen on six occasions, and was there for the following periods, respectively: 112 days; 181 days; 192 days; 183 days; 180 days; and 120 days. Plaintiff indicated that he did not pay rent to his employer/landlord when he was outside of the U.S. Plaintiff further stated that he did not work when visiting Yemen.

On July 28, 2010, CIS denied Plaintiff's application. In the decision, CIS stated: "You were outside of the United States during the period for which continuous residence is required for one period of more than six months indicating a disruption in

the continuity of residence." In this regard, CIS was referring to the trip on which Plaintiff was outside the U.S. for 192 days. In addition, CIS referred to the information that Plaintiff had provided during the interview, stating:

> Furthermore, your spouse and 5 biological children . . . reside in Yemen in a house that you own. Your absences from the [U.S.], lack of property ownership, and the fact that you wife and children reside in Yemen in a house that you own indicates that you did not maintain continuous ties to the United States during the required statutory period. Therefore you have failed to prove that you did not abandon your United States residence during your absence. As such, your absence exceeding six months broke the continuity of residence required by section 316(a) INA.

CIS Notice of Decision dated July 28, 2010. Accordingly, CIS found that Plaintiff had abandoned his residence.[2]

Plaintiff appealed, and on October 27, 2010, CIS held a hearing at which Plaintiff was given the opportunity to submit additional evidence. On February 14, 2011, CIS issued a decision denying the appeal. *See*, Decision On Review of Denial of Naturalization Application, dated February 14, 2011. In the decision, CIS stated:

> At your hearing on October 27,2010 you submitted an affidavit addressing some of the reasons your application was denied. You admitted remaining outside the United States for nine days more than six months because you attended holiday events with your children. You also stated that you did not terminate your employment in the United States nor did you lose access to your residence when you were in Yemen. However, you also testified that the owner of the market where you are employed, Saleh M. Saleh, is a long time friend, like a brother. You confirmed this statement in your affidavit. Mr. Saleh is also the person who co-leases your residence with you.
>
> You were outside the United States for four periods of time approaching

---

[2] Because of the awkward wording of the statute, which requires applicants to prove a negative, CIS actually did not find that Plaintiff abandoned his residence. Rather, CIS found that Plaintiff had not proven that he had not abandoned his residence.

> six months, and for one period of time exceeding six months. You own a house in Yemen. Your wife and children live in Yemen. It is noted that you have petitioned for them to come to the United States, but you did so only after you had been married for at least six years.
>
> ***
>
> In your case, the burden of proof fell to you to establish that you maintained your residence and ties to the United States while overseas for all continuous periods of between six (6) months and one (1) year during the statutory period. However, you failed to establish that your absence(s) from the United States during the statutory period did not disrupt the continuity of your residence.
>
> Accordingly, after careful review of your application and all relevant statutes, the decision to deny your application for naturalization must remain unchanged. You may be eligible to apply for naturalization after you have established residence in the United States, provided that you have no further absences which disrupt the continuity of residence and are able to satisfy all other requirements for naturalization.

*Id*.

On March 14, 2011, Plaintiff commenced this action, seeking judicial review pursuant to 8 U.S.C. § 1421(c), and requesting a de novo hearing on his application for naturalization.

On June 15, 2011, Defendants filed the subject motion for summary judgment. On March 8, 2012, counsel for the parties appeared before the undersigned for oral argument.

DISCUSSION

*Rule 56*

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996). Once that burden has been established, the burden shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To carry this burden, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P. 56(c). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

8 U.S.C. § 1421(a) states that "[t]he sole authority to naturalize persons as

citizens of the United States is conferred upon the Attorney General." However, that same section of law provides for district courts to conduct *de novo* review when the Attorney General denies an application for naturalization:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C.A. § 1421(c) (West 2012). The Second Circuit has described the scope of such *de novo* review as "sweeping." *See, Escaler v. U.S. Citizenship and Immigration Servs.*, 582 F.3d 288, 291, n. 1 (2d Cir. 2009) (Referring to "the sweeping *de novo* review provided by Section 1421(c).") Nevertheless, a court may grant summary judgment in cases brought under 8 U.S.C. § 1421(c). *Chan v. Gantner*, 464 F.3d 289, 295-296 (2d Cir. 2006).

Here, as discussed briefly above, the Attorney General denied Plaintiff's application for naturalization, because he found that Plaintiff did not meet the statutory requirements for residency. In that regard, the pertinent statute states:

> (a) Residence
>
> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the

> applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.
>
> (b) Absences
>
> *Absence from the United States of more than six months but less than one year during the period for which continuous residence is required for admission to citizenship*, immediately preceding the date of filing the application for naturalization, or during the period between the date of filing the application and the date of any hearing under section 1447(a) of this title, *shall break the continuity of such residence*, *unless the applicant shall establish to the satisfaction of the Attorney General that he did not in fact abandon his residence in the United States during such period*.

8 U.S.C.A. § 1427 (West 2012) (emphasis added).

In light of the last sentence quoted above, the parties dispute what effect, if any, the Attorney General's determination, that Plaintiff had abandoned his residence, has in connection with this Court's *de novo* review. Plaintiff maintains that the Attorney General's determination has no effect, and that this Court's *de novo* review includes a *de novo* determination of whether he abandoned his residence. In other words, Plaintiff contends that under a *de novo* review, he must now establish *to the satisfaction of this Court* that he did not abandon his residence in the U.S.

On the other hand, Defendants maintain that this Court's *de novo* review is not truly *de novo*, since it cannot revisit the Attorney General's determination that Plaintiff abandoned his residence. *See*, Defs. Memo of Law at p. 9 ("Under the plain meaning of 8 U.S.C. § 1427(b), the determination by USCIS is discretionary and, therefore, not

subject to judicial review.") On this point, Defendants maintain that 8 U.S.C. § 1427(b) gives the Attorney General sole discretion to determine whether an applicant, who was absent from the U.S. for more than six months but less than a year, abandoned his residence.

Defendants contend that in other contexts involving the INA, Courts have interpreted the phrase "established to the satisfaction of the Attorney General" to mean that the Attorney General's exercise of discretion is not subject to judicial review. In support of their argument, Defendants rely on two cases from this Circuit: *Chen v. Department of Justice*, 434 F.3d 144, 154 (2d Cir. 2006) ("*Chen*") and *Zhang v. Gonzales*, 457 F.3d 172, 176 (2d Cir. 2006) ("*Zhang*"), neither of which involved review of a denial of naturalization. Rather, *Chen* involved an appeal from a decision of the Board of Immigration Appeals ("BIA") which denied an application for asylum and withholding of removal, while *Zhang* involved an appeal from a BIA decision denying a waiver of admissibility.

In *Chen*, the BIA had denied a Chinese woman's application for asylum under 8 U.S.C. § 1158(a)(2)(D), which stated, in pertinent part, that

> [a]n application for asylum of an alien may be considered, notwithstanding [an alien's failure to apply for asylum within one year of the alien's arrival or the denial of a prior asylum application], *if the alien demonstrates to the satisfaction of the Attorney General* either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period[.]

*Chen*, 434 F.3d at 151 (citing 8 U.S.C. § 1158(a)(2)(D)) (emphasis added). The Second Circuit determined that it did not have jurisdiction to review the Attorney

General's decision on that point, because of a jurisdictional bar in 8 U.S.C. § 1158(a)(3). However, that jurisdictional bar pertains specifically to asylum claims, and therefore does not apply in the instant case. Further, in *Chen*, the court considered whether it could nevertheless review the claim under 8 U.S.C. § 1252(a)(2)(D), which, despite the aforementioned jurisdictional bar, permits jurisdiction to review constitutional claims and questions of law, but not discretionary or factual determinations. *Chen*, 434 F.3d at 154. The court, though, found that the disputed issue was discretionary, and thus non-reviewable, since the phrase "to the satisfaction of the Attorney General" "clearly entrusts the decision to the Attorney General's discretion." *Id*. (citations omitted). Consequently, the court concluded that it remained deprived of jurisdiction by 8 U.S.C. § 1158(a)(3). Accordingly, *Chen* is not on point, except insofar as it holds that determinations which must be made "to the satisfaction of the Attorney General" are "discretionary."

Similarly, *Zhang* involved a statutory bar to jurisdiction which does not apply here. Specifically, the court in *Zhang* found that it lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review a discretionary decision made in connection with an application for a waiver of inadmissibility . *Zhang*, 457 F.3d at 175-76. By its own terms, 8 U.S.C. § 1252(a)(2)(B)(i) does not apply to Plaintiff's claim for naturalization.[3] [4]

---

[3] 8 U.S.C. § 1252(a)(2)(B)(ii) is another similar provision which does not apply here. Specifically, that section provides that

> courts lack jurisdiction over "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii).

Accordingly, *Zhang* does not support Defendant's position.

To summarize, Defendants rely on *Chen* and *Zhang* to argue that this Court lacks jurisdiction over the Attorney General's discretionary decision concerning Plaintiff's residency, but both of those cases involved specific statutory bars to jurisdiction which do not apply to Plaintiff's claim for naturalization. Neither *Chen* nor *Zhang* holds that district courts lack jurisdiction to review discretionary claims generally, let alone claims arising under 8 U.S.C. § § 1421(c) or 1427. Therefore, the Court disagrees with Defendants' contention that they are entitled to summary judgment under *Chen* and/or *Zhang*.

The Court does agree with Defendants that the phrase "to the satisfaction of the Attorney General" means that the decision by Attorney General is discretionary. *See, Chen*, 434 F.3d at 154; *see also, Ruiz v. Mukasey*, 552 F.3d at 275 (Indicating that the words "to the satisfaction of the Attorney General" "specifically render[s] that

---

*Ruiz v. Mukasey*, 552 F.3d 269, 274 (2d Cir. 2009) (footnote omitted). However, in the referenced statute, "[t]he phrase 'this subchapter' refers to subchapter II of Chapter 12 of Title 8 of the United States Code, which includes § § 1151-1381." *Id*. Accordingly, 8 U.S.C. § 1252(a)(2)(B) does not apply in this case, since this case involves review of a determination made under 8 U.S.C. § 1427, which is part of Subchapter III of Chapter 12.

[4] Another statute that could arguably limit this Court's jurisdiction is 5 U.S.C. § 701(a)(2). As to that, 8 U.S.C. § 1421(c) states, in pertinent part, that judicial review of the denial of a naturalization application must be "in accordance with Chapter 7 of Title 5." Moreover, 5 U.S.C. § 701 states, in pertinent part, that, "(a) This chapter applies, according to the provisions thereof, *except to the extent that* – (1) statutes preclude judicial review; or (2) *agency action is committed to agency discretion by law*." 5 U.S.C.A. § 701(a) (West 2012) (emphasis added). As discussed above, 8 U.S.C. § 1427(b) grants the Attorney General the discretion to determine whether Plaintiff abandoned his residence in the U.S. while he was absent from the U.S. for more than six months. However, the Supreme Court has interpreted 5 U.S.C. § 701(a)(2) as applying in very limited circumstances, which are not present here. *See, Heckler v. Chaney*, 470 U.S. 821, 830, 105 S.Ct. 1649 (1985) (Holding that § 701(a)(2) only applies where there are essentially no meaningful standards by which to judge the agency's exercise of discretion). Specifically, there are meaningful standards, contained in 8 U.S.C. § 1427(b) and 8 CFR § 316.5, by which to judge the Attorney General's exercise of discretion on the issue of whether Plaintiff abandoned his residence. Accordingly, the Court finds that 5 U.S.C. § 701(a)(2) does not bar its review of the Attorney General's exercise of discretion.

determination to be within the agency's discretion.") (citation and internal quotation marks omitted). However, Defendants have not provided any cases specifically holding that a district court lacks jurisdiction to review discretionary decisions made by the Attorney General/CIS in the course of denying an application for naturalization.

Instead, Defendants maintain that the "plain meaning" of 8 U.S.C. § 1427(b) suggests that this Court lacks jurisdiction to review questions pertaining to continuity of residency, since the statute states that the applicant must demonstrate such continuity "to the satisfaction of the Attorney General." Although the statute does require that such a showing be made to the Attorney General, this only means that such showing must be made to the Attorney General in the first instance, since 8 U.S.C. § 1421(c) expressly states that a district court shall conduct a *de novo* review of the Attorney General's decision, and conduct a *de novo* hearing if the applicant so requests. *See, Chan v. Gantner*, 464 F.3d at 291 ("[E]ven if the INS is allowed to make the initial decision on a naturalization application, the district court has the final word and does not defer to any of the INS's findings or conclusions.") (citation omitted). Moreover, nothing in 8 U.S.C. § 1421 suggests that the Attorney General's discretionary decisions are insulated from such de novo review. In short, the "plain meaning" of § 1427 as a whole is that the district court has authority to review the Attorney General's entire decision. *See, Aparicio v. Blakeway*, 302 F.3d 437, 447 (5th Cir. 2002) ("The review afforded [applicants] by section 1421(c) is fully de novo, with the district court considering evidence brought before it and making its own findings of fact and conclusions of law. *See* 8 U.S.C. § 1421(c).").

While there is a dearth of cases dealing with this issue, the Court has found

several cases supporting this view, and no cases which support Defendant's view to the contrary. In *Abdul-Khalek v. Jenifer*, 890 F.Supp. 666 (E.D. Mich. 1995), the Court conducted a full *de novo* review of the denial of the applicant's naturalization claim, including the issue of whether, under 8 U.S.C. § 1427(b), the applicant had established that she did not in fact abandon her residence during a period in which she was absent from the U.S. for more than six months. *Id*. at 669-671. The court specifically indicated that on review under 1421(c), the applicant had to demonstrate to the satisfaction of the court, not the Attorney General, that she had not abandoned her residence. *See, id*. at p. 669 ("With respect to breaks in the continuity of residence created by absences from the country for periods of more than six months, the INS has promulgated regulations setting forth the kinds of factors to be considered in determining whether the reviewing INS officer (*or the court*) should deem a prolonged absence from the country to evidence an "abandonment of residence" under 1427(b).") (emphasis added). Consequently, the court in *Abdul-Khalek* did not defer to the Attorney General's finding on that issue, but instead conducted its own *de novo* analysis of the factors set forth in 8 CFR § 316.5. *Id*. at pp. 669-670. Similarly, in *Alvear v. Kirk*, 87 F.Supp.2d 1241 (D.N.M. 2000), the court conducted a *de novo* review under 8 U.S.C. § 1421(c), which included examining, under 8 U.S.C. § 1427(b), whether the applicant had abandoned his residence during a prolonged absence from the U.S. In that regard, the court in *Alvear* did not simply accept the Attorney General's finding on that point, but rather, conducted its own review of the evidence. *Id*. at p. 1243; see also, *Shi v. U.S. Bureau of Citizenship & Immigration Servs.*, No. Civ. 1:CV-03-1757, 2005 WL 2216594 at *2-3

(M.D. Pa. Sep. 12, 2005) (The district court conducted a de novo review under 8 U.S.C. § 1427(b) of whether the applicant had abandoned her residence during two periods that she was outside of the U.S. for more than six months but less than a year.)

To the extent that Defendants alternatively maintain that they are entitled to summary judgment regardless of whether the Court has jurisdiction to review the Attorney General's discretionary ruling, the Court disagrees. On this point, Defendants contend that the undisputed facts establish that Plaintiff did not reside continuously in the U.S. during the five years prior to his application, since his residence was in Yemen. *See*, Defs. Memo of Law at pp. 12-13 ("There is an independent reason Mr. Ali cannot prove he resided 'continuously' in the United States as required by 8 U.S.C. § 1427(a); his residence was in Yemen, not the United States. Therefore, even if Mr. Ali had not been absent from the United States for more than six months, he would still not be eligible for naturalization because he does not satisfy the residence requirement of 8 U.S.C. § 1427(b).") If this argument had merit, one would have expected it to be the reason that CIS gave for denying Plaintiff's application. However, the only reasons that CIS gave for denying Plaintiff's application was that he was outside the U.S. for more than six months on one occasion, and that he did not establish to the satisfaction of the Attorney General that he had not abandoned his U.S. residence during that period. In any event, the Court does not agree that the facts in the current record establish that Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Defendant's motion for summary judgment [#8] is denied. By separate order the Court will schedule this matter for a de novo hearing, at which Plaintiff will have the

burden of proving to this Court's satisfaction that he did not abandon his residence.

So Ordered.

Dated: Rochester, New York
March 21, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge